**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PHIL SCHLOETZER,

        Plaintiff,

v.                                        Case No. 6:13-cv-957-Orl-37KRS

TOTAL MARKETING CONCEPTS
"TMC",

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Request to Dismiss [T]his Case Without Prejudice (Doc. 63), filed April 18, 2014; and

2. Defendant, Total Marketing Concepts, Inc.'s Response to This Court's Order to Show Cause Dated May 2, 2014 [D.E. 64] (Doc. 65), filed May 16, 2014.

Upon consideration, the Court construes Plaintiff's request as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) and finds that the motion is due to be granted.

## BACKGROUND

Plaintiff represents himself in this Americans with Disabilities Act ("ADA") action, in which he alleges that Defendant—his former employer—unlawfully discriminated and retaliated against him during his tenure as a telephone political surveyor. (*See* Doc. 1.) Because Plaintiff chose to proceed without counsel, the Court issued its standard *pro se* order on August 20, 2014. (Doc. 10.) The *pro se* order explains that "*pro se* litigants are

subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure . . . and the Local Rules of the United States District Court for the Middle District of Florida." (*Id.* at 1 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).) The order also emphasizes that Plaintiff "must abide by and comply with all orders of this Court," and it specifically cautions: "Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions." (*Id.* at 3–4 (citing Fed. R. Civ. P. 37).)

Despite the Court's guidance, this action has not progressed smoothly. On December 5, 2013, Defendant served Plaintiff with interrogatories and a request for production of documents. (*See* Doc 32, p. 1; Doc. 64, p. 2.) On January 24, 2014, after the response deadline had already passed, Plaintiff moved for an extension of time to respond to the Defendant's discovery requests. (Doc. 32.) The Magistrate Judge denied Plaintiff's motion without prejudice for failure to comply with the meet-and-confer requirement of Local Rule 3.01(g). (*See* Doc. 33.) The next day, Plaintiff filed a renewed motion, again without a 3.01(g) certification. (*See* Doc. 34.) Again, the Magistrate Judge denied the motion without prejudice for noncompliance with the Local Rules. (Doc. 35, p. 2.) Plaintiff made no further requests for extensions.

By February 18, 2014, Plaintiff still had not responded Defendant's first set of interrogatories and its request for production of documents, so Defendant filed a motion to compel. (Doc. 40.) Plaintiff did not respond to Defendant's motion, so the Magistrate Judge deemed the motion unopposed, granted it, and ordered Plaintiff to provide verified answers to the Defendant's interrogatories and to produce the requested documents by

March 21, 2014. (*See* Doc. 52.) Additionally, the Magistrate Judge specified that Plaintiff was no longer entitled to object to the discovery requests because "objections were not made in timely served responses to the requests." (*Id.* at 2.)

Plaintiff eventually[1] provided unverified, undated responses to Defendant's interrogatories and partially produced the requested documents. (*See* Doc. 57, ¶¶ 1–2.) Defendant attempted to contact Plaintiff by phone to address the deficient responses, but Plaintiff did not answer Defendant's calls or return its voicemail messages. (*See id.* at 19.) With the March 24, 2014 discovery deadline looming, Defendant moved to compel better responses. (*See id.*) Disregarding the Magistrate Judge's prior order, Plaintiff responded by filing a list of objections to Defendant's discovery requests. (*See* Doc. 60, pp. 4–9.) On April 14, 2014, the Magistrate Judge granted Defendant's second motion to compel, writing:

> It is, again, **ORDERED** that Mr. Schloetzer shall provide complete, sworn narrative answers to each interrogatory and produce all documents within his possession, custody and control that are responsive to the requests for production on or before April 17, 2014. Mr. Schloetzer may not assert objections to these discovery requests. Failure to comply with this Order may result in imposition of sanctions against Mr. Schloetzer, which may include dismissal of the case.

(Doc. 62, p. 2.)

The April 17, 2014 deadline passed, and Plaintiff failed to provide better responses. Instead, Plaintiff filed a "Request to Dismiss [T]his Case Without Prejudice," in which Plaintiff states: "Due to Concerns already articulated in The Content of Prior

---

[1] Unbeknownst to the Magistrate Judge (because Plaintiff did not respond to the Defendant's first motion to compel), Plaintiff actually provided his partial responses after Defendant filed its first motion to compel but before the Magistrate Judge ruled on the motion. (*See* Doc. 57, ¶ 2.)

Motions Already Filed with The Court, Plaintiff hereby Respectfully Requests that The Court now simply Grant said Dismissal of This Case Without Prejudice." (Doc. 63.) The Court directed Defendant to respond to Plaintiff's motion and show cause why the case should not be dismissed without prejudice. (Doc. 64.) Defendant responded in opposition to Plaintiff's motion, arguing *inter alia* that this action should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(a)(2) and 37(b)(2). (*See* Doc. 65, pp. 5–7.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 41(a)(2) permits dismissal of an action at the plaintiff's request "by court order, on terms that the court considers proper." In ruling on a motion for a Rule 41(a)(2) dismissal, "a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions." *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999). Courts may dismiss an action with prejudice under Rule 41(a)(2) even where a plaintiff specifically requests dismissal without prejudice. *See Cunningham v. Whitener*, 182 F. App'x 966, 971 (11th Cir. 2006).

Federal Rule of Civil Procedure 37 vests in district courts broad discretion to control discovery, including "the ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Fed. R. Civ. P. 37(b)(2)). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored. But, dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Id.* (citation omitted).

**DISCUSSION**

As a threshold matter, the Court construes Plaintiff's "request to dismiss this case without prejudice"—which does not cite any supporting authority—as a motion for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).

Plaintiff's actions in this case evince a clear, consistent, and conscious disregard for the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. Accordingly, while Plaintiff's motion to dismiss is due to be granted in light of his representation that he no longer wishes to prosecute this action, the Court will exercise its discretion to dismiss this action with prejudice. *See ASX*, 183 F.3d at 1268. Given Plaintiff's pattern of recalcitrance, anything less would fail to promote respect for the judiciary, unnecessarily tax Court resources, and unduly prejudice Defendant, whose vigorous attempts to defend itself have been needlessly complicated by Plaintiff's lack of diligence and uncooperativeness.

Additionally, the Court notes that, even if Plaintiff and had not filed his Rule 41(a)(2) motion, this action would have been due to be dismissed with prejudice under Federal Rule of Civil Procedure 37(b)(2)(A) for Plaintiff's repeated failure to comply with the Court's discovery orders. In spite of multiple orders from this Court directing Plaintiff to comply with discovery requests and warning him that failure to do so may result in sanctions—including dismissal (*see* Docs. 10, 52, 62)—Plaintiff still has not produced adequate responses to the interrogatories and the request for production that Defendant propounded on him in December of last year. (*See* Doc. 65, p. 4.) Discovery has now been closed for over two months.[2] (*See* Doc. 26, p. 1.) Plaintiff's failure to respond to

---

[2] Defendant represents that Plaintiff has not conducted any discovery in this case

5

Defendant's discovery requests has needlessly delayed this action, prejudiced Defendant's defense preparation, and directly violated two of the Magistrate Judge's prior orders (Docs. 52, 62). Taken in context with Plaintiff's demonstrated unreceptiveness to the Court's guidance and his routine disregard for its rules, the Court finds that this action is due to be dismissed with prejudice under Rule 37(b)(2)(A). No lesser sanction would be appropriate under the circumstances. *See Phillips*, 8 F.3d at 790–91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Request to Dismiss [T]his Case Without Prejudice (Doc. 63) is **GRANTED in part and DENIED in part.**
2. This case is **DISMISSED WITH PREJUDICE**.
3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 28, 2014.

ROY B. DALTON JR.
United States District Judge

---

and is now barred from doing so because the discovery deadline has passed. (*See* Doc 65, p. 4.) If true, this allegation additionally supports dismissal on failure to prosecute grounds. *See* Fed. R. Civ. P. 41(b).

Copies:

Counsel of Record

*Pro se* party